**WO**  SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Hardy, | No. CV 09-504-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Owen Hardy, who is confined in the Maricopa County Lower Buckeye Jail, in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will order Defendant to answer Counts I and II of the Complaint and will dismiss Count III, without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.15. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges three counts in his Complaint for violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff sues Maricopa County Sheriff Joseph Arpaio. He seeks injunctive, compensatory, and punitive relief.

In Count One, Plaintiff claims the Defendant sets policy and deliberately instructs his staff to feed pretrial detainees only two meals per day and that Arpaio deliberately directs that too few calories be provided in the meals so that detainees are hungry. Plaintiff further contends that while Arpaio allows detainees with money to possess commissary items in their cells, he will not allow detainees without funds for commissary to save portions of the jail provided meals for consumption later in the day. Plaintiff also alleges that the meals contain rotten food that has caused him to vomit.

In Count Two, he asserts that Arpaio deliberately sets policy and directs his staff to overcrowd the intake and booking areas of the Fourth Avenue Jail. He claims that the intake/booking cells in the Fourth Avenue Jail were designed to hold 10 detainees but were filled with 25 detainees, that there was no place to sit other than on a wet floor where the toilet had overflowed, and that he was held in the cell for 32 hours without a mat or blanket.

In Count Three, Plaintiff asserts that Arpaio forces unconvicted detainees to wear clothing with the label "unsentenced," both in the jail and in court. Plaintiff claims this constitutes punishment prior to a conviction and is contrary to the presumption of innocence.

/   /   /

1 **IV.    Failure to State a Claim**

2     To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
3 conduct about which he complains was committed by a person acting under the color of state
4 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
5 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he
6 suffered a specific injury as a result of the conduct of a particular defendant and he must
7 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
8 Goode, 423 U.S. 362, 371-72, 377 (1976).

9     Plaintiff fails to state a claim in Count III because he fails to allege facts to support
10 the violation of a constitutional right.  "It cannot be said that all . . . conditions . . . , even if
11 discomforting or undesirable, amount to deprivations of constitutional dimensions . . . . [A]
12 federal court is not the proper forum for challenging or changing every aspect of the harsh
13 realities of confinement unless conditions cannot be tolerated under the Constitution."
14 Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (citing Griffin v. Smith, 493 F.
15 Supp. 129, 131 (W.D.N.Y. 1980)).  Simply being required to wear clothing labeled
16 "unsentenced" does not rise to the level of a constitutional violation, despite any implication
17 that the wearer has been convicted.  Count III will be dismissed for failure to state a claim**.**

18 **V.    Claims for Which an Answer Will be Required**

19     Liberally construed, Plaintiff's allegations in Counts I and II state a claim.  The Court
20 will require Defendant Arpaio to respond to those claims.

21 **VI.    Warnings**

22     **A.    Release**

23     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
24 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
25 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
26 in dismissal of this action.

27     **B.    Address Changes**

28     Plaintiff must file and serve a notice of a change of address in accordance with Rule

1  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
2  relief with a notice of change of address.  Failure to comply may result in dismissal of this
3  action.

4     **C.    Copies**

5  Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
6  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
7  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
8  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
9  may result in the filing being stricken without further notice to Plaintiff.

10    **D.    Possible Dismissal**

11 If Plaintiff fails to timely comply with every provision of this Order, including these
12 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
13 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
14 comply with any order of the Court).

15 **IT IS ORDERED:**

16    (1)   Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)
17    (2)   As required by the accompanying Order to the appropriate government agency,
18 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.15.
19    (3)   Count III is **dismissed** without prejudice.
20    (4)   Defendant Arpaio must answer Counts I and II.
21    (5)   The Clerk of Court must send Plaintiff a service packet including the
22 Complaint (Doc.# 1), this Order, and both summons and request for waiver forms for
23 Defendant Arpaio.
24    (6)   Plaintiff must complete and return the service packet to the Clerk of Court
25 within 20 days of the date of filing of this Order.  The United States Marshal will not provide
26 service of process if Plaintiff fails to comply with this Order.
27    (7)   If Plaintiff does not either obtain a waiver of service of the summons or
28 complete service of the Summons and Complaint on Defendant within 120 days of the filing

1  of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
2  may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

3  (8)     The United States Marshal must retain the Summons, a copy of the Complaint,
4  and a copy of this Order for future use.

5  (9)     The United States Marshal must notify Defendant of the commencement of this
6  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7  Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The
8  Marshal must immediately file requests for waivers that were returned as undeliverable and
9  waivers of service of the summons.  If a waiver of service of summons is not returned by a
10 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
11 Marshal must:

12    (a) personally serve copies of the Summons, Complaint, and this Order upon
13    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

14    (b) within 10 days after personal service is effected, file the return of service
15    for Defendant, along with evidence of the attempt to secure a waiver of service of the
16    summons and of the costs subsequently incurred in effecting service upon Defendant.
17    The costs of service must be enumerated on the return of service form (USM-285) and
18    must include the costs incurred by the Marshal for photocopying additional copies of
19    the Summons, Complaint, or this Order and for preparing new process receipt and
20    return forms (USM-285), if required.  Costs of service will be taxed against the
21    personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
22    Procedure, unless otherwise ordered by the Court.

23 (10)    **If Defendant agrees to waive service of the Summons and Complaint, he**
24 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

25 (11)    Defendant must answer the Complaint or otherwise respond by appropriate
26 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
27 Rules of Civil Procedure.

28 /  /  /

TERMPSREF

- 5 -

1    (12)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2    72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3    under 28 U.S.C. § 636(b)(1).
4    DATED this 13th day of April, 2009.

_____
Mary H. Murguia
United States District Judge